JASPER E. JONES, Judge.
This is a rule to have a foreign custody decree recognized and modified to terminate the father’s visitation rights. The plaintiff is Cornelia DeLee and the defendant is Peter Koss. DeLee appeals a judgment sustaining the defendant’s exceptions of lack of jurisdiction and lis pendens and refusing to exercise jurisdiction to modify the custody judgment.
Appellant sets out only one assignment of error. She contends that the district judge erred in failing to exercise jurisdiction to modify the foreign judgment. We find the action of the district judge was in accord with both mandatory and discretionary provisions contained in the Uniform Child Custody Jurisdiction Law, LSA-R.S. 13:1700 et seq., and affirm.
The circumstances surrounding this case are set out below.
Cornelia DeLee and Peter Koss were married in Shreveport, Louisiana, on November 28,1975. They subsequently moved to Denver, Colorado. Their daughter, Rebecca Koss, the subject of this dispute, was born on June 26, 1979.
Cornelia and Peter were divorced by a judgment of the district court of Denver County, Colorado, signed October 26, 1981. That judgment also provides “.. . that the parties shall perform the respective provisions of the separation agreement, attached as Exhibit A and incorporated herein as if set forth verbatim, as they apply to each of them.”
The separation agreement gives custody of Rebecca to her mother, the appellant, and allows visitation on two evenings per week to her father. The separation agreement also provides that if either parent desires to take the child out of Colorado for more than two weeks, then that parent must obtain the written consent of the other.
On or about March 18,1982, the appellant moved from Denver to Shreveport, Louisiana, and took Rebecca with her.[1] The appellant removed the child from Colorado without the consent of her father in disregard of the terms of the Colorado judgment.
Koss responded by filing an action in the district court of Denver County, Colorado, seeking a modification of custody. Koss commenced his action on May 11,1982. On August 2, 1982, DeLee brought this action *198 in the First Judicial District Court for Cad-do Parish.[2]
Defendant interposed exceptions of lack of jurisdiction and lis pendens. The district judge found that he probably had jurisdiction under R.S. 13:1702 A(2). However, he found that the exceptions were well founded under R.S. 13:1705 and that Caddo Parish was an inconvenient forum under R.S. 13:1706. We are substantially in accord with this analysis as set forth hereinafter.
The district judge rendered judgment recognizing the Colorado judgment but declined to exercise jurisdiction to modify that judgment. This appeal followed.
Appellant contends that jurisdiction over this matter is conferred on Louisiana courts by LSA-R.S. 13:1702 A(2) which provides:
“A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: ... (2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; ...”
We find the jurisdictional question to be exceedingly close under the facts of this case. However, we need not decide that issue as we conclude, as did the district judge, that even if we have jurisdiction it must be declined.
LSA-R.S. 13:1705(A)[3] requires that Louisiana courts decline to exercise jurisdiction where, when the petition was filed, there was a pending proceeding concerning custody in another state with jurisdiction under the UCCJ law unless that proceeding has been stayed. The action filed by Koss in Colorado was pending at the time DeLee filed this action and it has not been stayed. Colorado was Rebecca’s home state under LSA-R.S. 13:1701(5) at the time Koss filed his action and, therefore, Colorado has jurisdiction under LSA-R.S. 13:1702 A(l). Under these circumstances the mandatory language of § 1705 A requires that Louisiana courts refuse to exercise jurisdiction.
We note that the trial court, assuming it had jurisdiction, was barred from granting the relief requested by plaintiff under LSA-R.S. 13:1713 A[4] which provides that Louisiana courts shall not modify a custody decree rendered by a court of another state unless that state no longer has jurisdiction or has declined jurisdiction to modify the decree. As we have previously noted Colorado has jurisdiction and a custody modification proceeding is presently pending there.. Under these circumstances the mandatory language of § 1713 A precludes a modification of the Colorado decree by a Louisiana court.
When Louisiana is an inconvenient forum the court may decline jurisdiction if a court of another state is a more appropriate forum. LSA-R.S. 13:1706 A. We agree with the district judge that Louisiana is an inconvenient forum. Colorado is the child’s home state. The witnesses and evidence concerning Rebecca’s relationship *199 with her father and any harmful effects of that relationship are mostly in Colorado. The evidence is primarily related to circumstances surrounding visits by Rebecca with her father which took place in compliance with the visitation provisions of the custody judgment. Further, an exercise of jurisdiction by Louisiana courts under the facts of this case would serve to encourage shifting children from state to state or unilateral removal of children for the purpose of forum shopping.[5] See LSA-R.S. 13:1706 C(l), (3), (5) and R.S. 13:1700 A(1), (5). Cf. Cata v. McKnight, 401 So.2d 1221 (La.App.2d Cir. 1981). Colorado, as Rebecca’s home state and the state where the majority of the evidence essential to appellant’s attempt to terminate visitation is located, is a more appropriate forum for this action than Louisiana.
We have reviewed the cases cited by appellant and find none which would compel an exercise of jurisdiction by Louisiana. Further, we cannot agree with appellant’s contention that an exercise of jurisdiction by Louisiana is in the best interest of the child.
Rebecca’s best interest requires a full and fair hearing of the issues raised by her mother. Because so much of the evidence relative to the conduct and lifestyle of Rebecca’s father is in Colorado, the Colorado court is in a far superior position to determine whether her relationship with him is so harmful that his visitation rights should be terminated.
There is absolutely no reason to believe that the Colorado court will not faithfully perform its duties in considering these issues.
In contrast should a Louisiana court attempt to decide these issues, it could be deprived of much of the relevant evidence, particularly that favorable to the father. The court deprived of such evidence would be exposed to an extraordinary risk of an erroneous determination. What could be more detrimental to a child than to be erroneously deprived of contact with its father or erroneously continued in exposure to an abusive or neglectful father?
For the foregoing reasons the judgment is AFFIRMED at appellant’s costs.

. Shreveport is the home of Rebecca’s maternal grandparents and was apparently her mother’s home prior to her marriage to Koss.

. As a basis for termination of visitation by the father, DeLee alleges instances of abuse and neglect of the child by defendant. She also ^alleges that defendant has many unsavory characteristics, that he resides in a rundown and dangerous area of Denver and that he associates with undesirable persons.

. R.S. 13:1705 A — “A court of this state shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.”

.R.S. 13:1713 A — “If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Part or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.”

. Appellant’s unilateral removal of the child from Colorado in violation of the Colorado judgment is grounds for the court to decline to exercise jurisdiction under LSA-R.S. 13:1707 B.