DOMENGEAUX, Chief Judge.
Allen Neil Hagedorn appeals a judgment overruling his exception of lack of jurisdiction in this child custody case. He contends the Louisiana trial court does not have subject matter jurisdiction over this controversy and should defer to the jurisdiction of the Indiana court where he has filed a suit for custody of his daughter. We agree and reverse the decision of the trial court.
On June 12, 1989, Ronda Henson Hage-dorn left her husband, Allen Hagedorn, and moved from Indiana to Louisiana taking her three year old daughter, Shaina Marie Hagedorn, with her. Also on June 12th, Ronda filed suit against Allen in a Louisiana court for separation, child custody, alimony pendente lite, and child support. (This appeal pertains only to the child custody portion of Ronda’s suit.) A curator was- appointed to represent Allen, but a hearing was held and a decision orally rendered before Allen was notified of the pendency of the proceedings. When Allen did learn of the Louisiana proceedings, he filed an exception of jurisdiction and a motion for new trial, which were set for hearing on October 4, 1989.
In the meantime, Allen filed a suit for separation and custody in Indiana on June 13, 1989, the day after the Louisiana suit was filed by Ronda. Furthermore, the parties informally agreed that Shaina would return to Indiana to stay with Allen from July 6 to September 1, which arrangement was carried out.
On October 3, Ronda filed an amending and supplemental petition alleging for the first time that she “has been threatened at gun point and that the life and safety of her and her child were in immediate danger and an emergency situation existed” prior to her leaving Indiana.
The jurisdictional hearing was held on October 4. After hearing testimony from Allen and his father, and Ronda and her father, the trial judge found the emergency jurisdiction provisions of the Uniform Child Custody Jurisdiction Act, La. R.S. 13:1700 et seq., to be applicable and overruled Allen’s exception.[1]
As described in La. R.S. 13:1700, the Uniform Child Custody Jurisdiction Act was enacted for several purposes, i.e. to avoid jurisdictional competition and conflict, promote interstate cooperation, litigate custody where the child and family have the closest connections and where significant evidence concerning the child is most readily available, discourage continuing conflict over custody, deter abductions and unilateral removals of children, avoid relitigation of another state’s custody rulings, and promote the exchange of informa *355 tion and mutual assistance between different states. See Stuart v. Stuart, 516 So.2d 1277 (La.App. 2d Cir.1987).
In the Stuart case, the Second Circuit characterized the legislative scheme of potentially concurrent jurisdiction articulated in La. R.S. 13:1702 as an effort to locate the forum with maximum, rather than minimum, contacts with the family. The Stuart case described the jurisdictional choices listed in § 1702 as an arrangement of descending preferences:
It has been suggested that jurisdiction is arranged in descending preferential order. Snider v. Snider, 474 So.2d 1374 (La.App. 2d Cir.1985); Schroth v. Schroth, [449 So.2d 640 (La.App. 4th Cir. 1984)]. The “home state” is the preferred jurisdiction. Implicit in the Act’s rank-order design is the presumption that a child’s best interests will ordinarily be served by the assumption of jurisdiction by his home state. 44 La.L.Rev. at 29; LSA-R.S. 13:1702(A)(1). Next in rank is the “significant connection” jurisdiction. LSA-R.S. 13:1702(A)(2). “Emergency jurisdiction” is then provided for in LSA-R.S. 13:1702(A)(3). Finally, there is the “residual” category which applies when no other state would have jurisdiction under the above sections or when another state has declined jurisdiction. LSA-R.S. 13:1702(A)(4).
516 So.2d at 1280 [Footnote omitted].
Considering this order of jurisdictional preferences, we note first that Indiana is the child’s home state. La.R.S. 13:1701(5) defines “home state” as the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months. Shaina was born in Indiana in 1985 and lived there with both parents until her mother brought her to Louisiana on June 12, 1989. Accordingly, the Louisiana court did not have home state jurisdiction when this suit was filed on June 12, 1989.
It is likewise evident from the record that the Louisiana court does not have jurisdiction under the significant connection provision of the Act. Shaina lived in Tell City, Indiana her entire life. All of the allegations contained in the custody suit and the evidence which will be brought out at trial pertain to Shaina’s home life and treatment in Indiana. With the exception of her mother and maternal relatives, all of Shaina’s relatives, family friends, neighbors, and caretakers are in Indiana. An Indiana court would be in the best position to gather evidence concerning the proper custody award in this case.
The trial court implicitly recognized the limitations of its jurisdiction under §§ 1702(A)(1) and (2). The trial court chose to assert jurisdiction under § 1702(A)(3) which provides as follows:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(3)The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.
Louisiana courts have interpreted this provision as a requirement that a showing of immediate emergency, such as abandonment, mistreatment, abuse, or neglect, must be made. Gibson v. Gibson, 429 So.2d 877, at 880 (La.App. 3d Cir.1983); Dillon v. Medellin, 409 So.2d 570 (La. 1982). For instance, in Burr v. Boone, 477 So.2d 692 (La.1985), the Supreme Court reversed the Court of Appeal’s decision to decline emergency jurisdiction under the Act. The Supreme Court noted in a brief per curiam that “facts supporting the exercise of emergency jurisdiction have been corroborated by the Louisiana Department of Health and Human Resources’ investigation of the alleged sexual abuse.” 477 So.2d at 692. The Supreme Court found that the proper showing of an immediate emergency was made.
In the case before us, no allegations of mistreatment or abuse were made by Ronda in her original petition other than the generic “cruel treatment” allegation typi *356 cally made in domestic cases. And we note that allegation pertained only to Ronda, not the child. At the initial hearing on Ronda’s petition, notice of which had not been properly served on Allen, Ronda presented no evidence concerning Allen’s mistreatment of Shaina and did not testify that she ever feared for the safety of her child vis-a-vis Allen. In fact, she described Allen as “pretty rational.” After the hearing, Ronda voluntarily and informally agreed to send Shaina back to Indiana where she would be in the care and custody of Allen for two months.
Not until October 3, 1989, the day before the jurisdictional exception was scheduled for hearing, did Ronda make any allegations of abuse or mistreatment by Allen, and those allegations pertained only to Ronda as the victim, not Shaina. Similarly, at the hearing on October 4, Ronda’s attorney alluded to threats made by Allen to Ronda, and Ronda testified to certain acts of physical abuse she suffered. Allen vehemently denied the accusations and gave a plausible explanation of an incident with a loaded shotgun. Ronda never gave her version of the shotgun incident, and the trial judge apparently accepted as fact the suggestions and innuendos of Ronda’s attorney. Whatever the true facts may have been, both Allen and Ronda agreed that Shaina was not at home when the shotgun incident occurred and was never in any danger from the shotgun.
Ultimately, we find this case presents no extraordinary circumstances sufficient to justify application of La.R.S. 13:1702(A)(3). Ronda failed to present any proof that Shaina has been subjected to or threatened with mistreatment or abuse in Indiana, or is otherwise neglected or dependent, requiring a Louisiana court to assert emergency jurisdiction. See Thomisee v. Pearson, 465 So.2d 259 (La.App. 3d Cir.1985); Stuart, supra. We conclude Indiana is the proper forum for adjudication of the issues raised in this custody case. Shaina’s best interests dictate a resolution of this matter in a court with convenient access to all relevant evidence. We refer to DeLee v. Koss, 430 So.2d 196 (La.App. 2d Cir.1983), for an illustration of the dangers of litigating a custody dispute in the wrong forum:
[Sjhould a Louisiana court attempt to decide these issues, it could be deprived of much of the relevant evidence, particularly that favorable to the father. The court deprived of such evidence would be exposed to an extraordinary risk of an erroneous determination. What could be more detrimental to a child than to be erroneously deprived of contact with its father or erroneously continued in exposure to an abusive or neglectful father?
430 So.2d at 199.
For the foregoing reasons, the judgment of the trial court is reversed and the exception of lack of jurisdiction filed by Allen Neil Hagedorn is hereby maintained. Costs are assessed to Ronda Henson Hage-dorn.
REVERSED AND RENDERED.

. Both Louisiana and Indiana are signatories to the Uniform Child Custody Jurisdiction Act. See La.R.S. 13:1700 et seq. and Indiana Code, Section 31-1-11.6-1, respectively.