liAMY, Judge.
The plaintiff, Marvin Louis Burr, Jr., filed for divorce and resolution of child' custody issues in Louisiana. The defendant, Maria de la Luz Arriaga Padilla Burr, filed an Exception of Lack of Subject Matter Jurisdiction with regard to the custody issue. The trial court denied the exception and accepted jurisdiction pursuant to the Uniform Child Custody Jurisdiction Law, La.R.S. 13:1700 et seq. Ms. Burr now appeals. For the following reasons, we reverse and vacate the lower court’s judgment.
DISCUSSION OF THE RECORD
The instant matter arises from a Petition for Divorce filed by Marvin Louis Burr, Jr., on July 15, 1996. By that petition, Mr. Burr sought a divorce from his wife, Maria de la Luz Arriaga Padilla Burr, as well as resolution of custody issues related to the couple’s minor child, Christopher Logan Burr. The record indicates however, that Ms. Burr filed an Exception of Lack of Subject Matter Jurisdiction on January 123, 1997 wherein she alleged that while Louisiana had subject matter jurisdiction over the divorce áspeet of the proceeding, no such jurisdiction existed as to the child custody-aspects. She further maintained that Arizona was the child’s home state and, accordingly, the proper state in which to resolve the matter. Further, Ms. Burr related in this exception that she had filed for divorce and resolution of custody matters in Arizona. This matter proceeded to hearing on January 24,1997 at which time the trial court considered an affidavit from Ms. Burr as well as the testimony of Mr. Burr. The record before this court consists of the transcript from that hearing as well as the affidavit.
Mr. Burr’s testimony indicates that he is in the United States Air Force and that he has maintained Louisiana as his . legal domicile. He further stated that while stationed in Arizona in 1990, he married Ms. Burr. She testified, by affidavit, that she was a resident of Arizona prior to the wedding. The record indicates that following the wedding, the couple continued to reside at the military base in Arizona until Mr. Burr received a transfer and the couple moved to Fayetteville, North Carolina in February 1991. Ms. Burr indicated that, while stationed in North Carolina, the couple’s child, Christopher Logan Burr, was born on December 13,1992.
The record reveals that- the couple remained in North Carolina until February 1994, at which time Mr. Burr learned of his upcoming transfer to a military base in Korea. Ms. Burr’s affidavit indicates that, due to this transfer, she and Christopher returned to Nogales, Arizona for the duration of Mr. Burr’s assignment in Korea. Mr. Burr remained in North Carolina until he left for Korea in June 1994.
| 3Ms. Burr indicated that she and Christopher remained in Arizona from February 1994 until September 1995, at which time they traveled to join Mr. Burr in the United Kingdom, his new assignment from the military. Her affidavit further indicates that she and Christopher lived in the United Kingdom from September 24, 1995 until they returned to Arizona, on June 30, 1996, due to the couple’s separation.
Ms. Burr further alleged that she and her son are not residents of Louisiana as they have visited Louisiana on only a few occasions and, accordingly, are not residents of the state.. These stays, she alleges, were brief and conducted only to visit Mr. Burr’s father.
At the January 24, 1997 hearing on the matter, the parties stipulated that the trial court had jurisdiction to resolve the divorce proceeding. However, Ms. Burr maintained her objection to the custody issues. Following the hearing, at which Mr. Burr and his father, Marvin Louis Burr, Sr., testified, the trial judge granted the divorce and concluded that the court had jurisdiction over the custody matter pursuant to the Uniform Child Custody Jurisdiction Law (UCCJL). Following this finding of subject matter jurisdiction, the trial court awarded sole custody of the child to Ms. Burr and entered judgment regarding support and visitation.
Ms. Burr now appeals and assigns as error the trial court’s finding of subject matter jurisdiction over the custody issues and the subsequent denial of the Declinatory Exception of Lack of Subject Matter Jurisdiction.
*305 LAW
Ms. Burr contends that the trial court erred in concluding that it had subject matter jurisdiction as neither the UCCJL nor La.Code Civ.P. art. 10 is applicable to |4the instant matter. In particular, Ms. Burr maintains that the factual basis in the case sub judice indicates that Arizona is Christopher’s “home state” for the purposes of La. R.S. 13:1702 as well as the situs of the most substantial evidence necessary for the court’s determination.
La.R.S. 13:1700 et seq., contain the UCCJL provisions for the State of Louisiana. The purposes of the law are clearly explained in the statute and have previously been summarized by this court as follows:
As described in La.R.S. 13:1700, the Uniform Child Custody Jurisdiction Act was enacted for several purposes, i.e. to avoid jurisdictional competition and conflict, promote interstate cooperation, litigate custody where the child and family have the closest connections and where significant evidence concerning the child is most readily available, discourage continuing conflict over custody, deter abductions and unilateral removals of children, avoid relitigation of another state’s custody rulings, and promote the exchange of information and mutual assistance between different states. See Stuart v. Stuart, 516 So.2d 1277 (La.App. 2d Cir.1987).
Hagedorn v. Hagedorn, 584 So.2d 353, 354-55 (La.App. 3 Cir.1991). See also La.R.S. 13:1700.
The circumstances under which a court acquires subject matter jurisdiction over a custody matter are found at La.R.S. 13:1702, which provides the following:
A A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (I) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
15(2) It is in the best interest of the child that a court of this state assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (I) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(I) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
B. Except under Paragraphs (3) and (4) of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
The “home state” of the child, as used in La.R.S. 13:1702(A) is defined at La.R.S. 13:1701(5) as follows:
“Home state” means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons *306 are counted as part of the six-month or other period.
In the present case, the trial court denied the Motion for Lack of Subject Matter Jurisdiction after concluding that no other state was a more appropriate forum and, accordingly, Louisiana has subject matter jurisdiction pursuant to La.R.S. 13:1702. | (¡After hearing the testimony entered into evidence, the trial judge. examined the statute and stated the following in oral reasons for .ruling:
Proof is sufficient. When you review the UCCJ, 13:702[sic] provides (1) a court of this state, which is competent to decide child custody matters, has the jurisdiction to make a child custody determination by initial or modification decree if, and it specifically states custody. Then it goes on to state how you determine it if you’re going to be the Court to hear this case. One doesn’t fit, two doesn’t fit, three doesn’t fit. None of them fit because there is no home state. If I’m looking for a home state I’d like [sic] to the U.K. There are probably more significant information in the U.K. than there is in Arizona or Louisiana concerning the care and rearing of the child, and then you’d go back probably to North Carolina 'because they spent more time there than any other place. Then you go on to see if it’s in the best interest of the Court on this state to assume jurisdiction because (1) the child or his parent has significant connections with this state. Well, they both have significant connections with Arizona and Louisiana. That’s each parent. So it doesn’t give anybody a real advantage. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationship. We have grandparents here, grandfather here. We have a brother and a mother in Arizona. Who’s got the most connection? Only the mother is going to have more connections than anyone. The child is physically present in this state? No. The child been abandoned? No. It is necessary that an emergency order to protect the child be issued? No. The child been abandoned? No. It is necessary that an emergency order to protect the child be issued/ No. It appears that no other state — this is four — will have the jurisdiction under prerequisites substantially in accordance with paragraphs 1, 2, 3, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child. So you have to have two of them, not just one but two.
[[Image here]]
... Where you have one party filing in one state and it doesn’t fit one of the first two statements set forth in the UCJA [sic], then I think the Court that has the first filing ought to hear the case. In this case, like I said, I don’t find that there’s a home state. I don’t think the child has been in a state for six months from the commencement of the filing or the pleadings on either party’s part. It’s not — is it in the best interest of the child that the Court of this state assume jurisdiction because the child and his parent or the child has significant connections? I could say Lyes. I could say yes, he’s got significant connections. He’s got a grandfather, a daddy here. He’s visited. He’s been raised and reared here. People may know him, may not know him. Nobody may know her in Arizona or wherever she may be residing. I don’t know. I don’t think that we’re going to find any more substantial evidence with regard to the concern of the child’s present or future care here or in Arizona. So I don’t think that we have a weighing problem. As I said before, I don’t think that there’s anyone that’s going to tell us any more than the mother and the father in this case because I think most of your evidence is going to be found elsewhere, not in Arizona, not in Louisiana, but more than likely in the U.K.
I am going to assume subject matter jurisdiction in this matter and will not decline jurisdiction.
These reasons clearly indicate that the trial judge considered each paragraph of La. R.S. 13:1702(A) before concluding that jurisdiction was appropriate under La.R.S. 13:1702(A)(4). As the above excerpted stat *307 ute indicates, paragraph four is applicable when “no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3) ... ” or another state has deferred jurisdiction after finding that this state is a more appropriate forum. La.R.S. 13:1702(A)(4). Additionally, the provision requires that this state’s exercise of jurisdiction be in the best interest of the child.
Ms. Burr apparently is arguing that the trial court erred in applying paragraph four as Arizona was Christopher’s home state and, as such, Arizona was “substantially in accordance” with paragraph one. Such a finding would preclude application of La.R.S. 13:1702(A)(4). We find no merit in this argument.
Given the above-cited definition of “home state” provided at La.R.S. 13:1701(5) and the use of that term at La.R.S. 13:1702(A)(1), it is apparent that the six months preceding institution of the custody action is the relevant period used in La determination of the child’s “home state.” In the instant matter, the record indicates that Christopher Burr had been present in Arizona for only a few weeks prior to the filing of the divorce and custody action. Thus, the trial court did not err in concluding that neither Arizona nor Louisiana was the child’s home state and, thus, neither state was in accordance with La.R.S. 13:1702(A)(1).
Further, Ms. Burr argues that Arizona would also be “substantially in accordance” with paragraph two of La.R.S. 13:1702(A) as Arizona would have “substantial evidence” related to the child’s present and future care. Arizona’s compliance with this paragraph would, of course, preclude the trial court’s application of paragraph four to the instant matter. We find merit in this argument.
The record indicates that Ms. Burr and Christopher had previously lived in Arizona and had returned there prior to Mr. Burr’s filing for divorce in Louisiana. In particular, Ms. Burr’s affidavit indicates that she had lived her entire life, prior to the couple’s marriage, in Arizona and that the couple resided in the state for the first few months following their wedding. Additionally, the record indicates that, although Christopher was bom in North Carolina, Ms. Burr and the child returned to Arizona and resided there from- February 1994 until September 1995, at which time they joined Mr. Burr in the United Kingdom. Finally, Ms. Burr and Christopher returned to Nogales, Arizona when the couple separated.
Although the record indicates that, due to the nature of Mr. Burr’s career, the family never resided for a long period in one area, the above detailed pattern indicates that both Ms. Burr and Christopher Burr have a “significant connection” with Arizona. Further, we conclude that Arizona would also likely be the situs of 19‘substantial evidence concerning the child’s present or future care, protection, training, and personal relationships!)]” See La.R.S. 13:1702(A)(2) (emphasis added). This conclusion is warranted by the record in the present case as Ms. Burr has family members residing in Arizona, she and the child have previously lived in the state for well over a year, and she and the child presently reside in the state. Given these factors and the lack of evidence indicating that she and the child will be leaving Arizona, we conclude that Arizona is “substantially in accordance ...” with paragraph two of La. R.S. 13:1702(A). Thus, the trial court did not appropriately apply La.R.S. 13:1702(A)(4) to the instant case. We therefore conclude that the trial judge erred in finding subject matter jurisdiction over the child custody aspect of this case.
Additionally, Ms. Burr argues that La. Code Civ.P. art. 10(A) cannot be used to confer subject matter jurisdiction in the instant matter. That article provides the following:
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
[[Image here]]
(5) A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state.
[[Image here]]
*308 (7) An action of divorce, if, at the time of filing, one or both of the spouses are domiciled in this state.
The trial court’s oral reasons for ruling clearly indicate that this provision was not relied upon for child custody aspect now at issue. Rather, the trial judge relied | ^exclusively upon the UCCJL, La.R.S. 13:1702 for a finding of subject matter jurisdiction. As previously stated, we conclude that such a finding was incorrect.
DECREE
For the foregoing reasons, we reverse the judgment of the trial court and maintain defendant’s exception of lack of subject matter jurisdiction. All costs of this appeal are assessed against the plaintiff, Marvin Louis Burr, Jr.
REVERSED AND RENDERED.
WOODARD, J., concurs in the result.
SAUNDERS and THIBODEAUX, JJ., dissent.