CHATELAIN, Judge,
dissenting in part.
| ^though I agree with that portion of the majority opinion that finds the statutory requirements for initial Louisiana jurisdiction are met, for the reasons below, I respectfully dissent from that portion of the majority opinion which finds that the trial court was not required to determine whether Texas had jurisdiction substantially in accordance with the UCCJEA. I find the trial court erroneously concluded that Louisiana was the Marsalis children’s home state and, therefore, that its ruling that no other state had jurisdiction was also improper. I would reverse the portion of the judgment awarding child custody and child support and remand for the trial court to consider whether Texas would have “significant connection” jurisdiction substantially under La.R.S. 13:1813(A)(2).
Although the majority interprets the trial court’s oral reasons as finding that Louisiana had jurisdiction over this child custody proceeding under La.R.S. 13:1813(A)(2), I find that the only jurisdictional basis the trial court considered was home state jurisdiction under La.R.S. 13:1813(A)(1). In its initial September 15, 2009 order the trial court specifically found Louisiana was the Marsalis children’s home state. However, at the December 7, 2009 hearing, the trial court conducted most of 12the examination of the only witness, Candice Marsal-is (Candice), but at no point did it inquire about the significance of the children’s or their parents’ connections to Louisiana or the availability therein of evidence concerning the children’s care, protection, training, and personal relationships. The trial court did not reference these elements in either its oral reasons or its written judgment. Rather, it focused primarily on the amount of time that the children had resided in Louisiana.
My reading of the record shows that the trial court simply followed its initial jurisdictional ruling and relied on its finding that Louisiana was the children’s home state to determine that “there is no other State Court that has jurisdiction.” Because only one state can qualify as a child’s home state and the other jurisdictional bases cannot apply when a home state exists, its determination that Louisiana was the children’s home state allowed the trial court to infer its conclusion about jurisdiction of other states without further factual inquiry.
Unfortunately, the record clearly establishes that there is no home state for purposes of this child support proceeding. Louisiana Revised Statutes 13:1813(A)(1) describes two situations in which Louisiana obtains initial jurisdiction because it is or was the child’s home state. As applicable under the facts of this case, “home state”, is the state in which the child lived with a parent or person acting like a parent for six or more consecutive months immediately before the date in question, including *302 temporary absences by the parent or the child. La.R.S. 13:1802(7)(a). Subsection (A)(1) of R.S. 13:1813 thus states that Louisiana has initial jurisdiction if it is the child’s “home state” at the time the proceeding commences; more specifically, “the six months preceding institution of the custody action is the relevant period used in a determination of the child’s ‘home state.’ ” Burr v. Burr, 97-884, pp. 7-8 (La.App. 3 Cir. 3/6/98), 711 So.2d 303, 307, writ denied, 98-1887 (La.10/30/98), 727 So.2d 1164. Louisiana also obtains initial jurisdiction if this state had been the child’s home state within six months prior to the commencement of the proceeding, the child then becomes absent, and the parent or person acting like a parent remains in the state. La.R.S. 13:1813(A)(1).
Because Candice filed the petition instituting this proceeding approximately one month after she and her children moved back to Louisiana, Louisiana does not have home state jurisdiction. Candice’s testimony clearly shows that the four months spent in Texas were not a temporary absence. Rather, the parties were attempting to make a “new start.” Even if the trial court’s statements about jurisdiction in oral reasons and the court judgment constitutes a factual finding that the four months in Texas were a temporary absence, I find such a finding would be clearly wrong. The only evidence presented on the issue established that the move was intended to be permanent. Candice remembered the April date the family left for Texas because that was when they signed with the realtor in their Louisiana home, and the trial court later characterized this action, without protestation from Candice, as testimony regarding the sale of their home in Louisiana. Candice also characterized her husband’s departure in April as one “to permanently reside in Texas”; it is undisputed that the entire family moved at that same time. Simply stated, my appreciation of the record and the “home state” definition delineated in La.R.S. 13:1802(7)(a) lead me to only one conclusion — Louisiana was not the home state.
The facts of this case also fail to meet the alternative home state criteria under La.R.S. 13:1813(A)(1). The Marsalis children were not absent at the time the proceeding was commenced, and neither parent remained in Louisiana while the Lchildren were absent. Finally, the children did not live in Texas for more than six months, so Texas never acquired status as their home state.
Even though I agree with the majority that there is sufficient evidence in the record to support a finding of significant connection jurisdiction under La.R.S. 13:1813(A)(2), I would find that Louisiana has initial child custody jurisdiction over this proceeding only if, on remand, the trial court concludes that Texas does not have jurisdiction substantially under the UCCJEA. Because the trial court never made any factual findings regarding significant connection jurisdiction in Texas and because the purposes of the UCCJEA weigh against this court conducting a de novo review of these factual questions, I find it proper to remand this case to the trial court for such a determination.
The trial court’s statement that no other state had jurisdiction over this child custody determination should not be read to implicitly include any factual findings regarding the elements in Subparts A and B of La.R.S. 13:1813(A)(2). Under the most reasonable interpretation of the trial court’s oral reasons, as previously discussed, it merely reasoned that no other state could have jurisdiction because Louisiana was the home state. Nothing in the record indicates the trial court even con *303 sidered the possibility that Texas could have significant connection jurisdiction.
However, once it became clear during the December hearing that the Marsalis’ move to Texas was not a temporary absence and, therefore, that Louisiana could not be the children’s home state, the trial court should have proceeded directly to the question of whether Texas might have jurisdiction substantially under the UC-CJEA. The jurisdictional limitations imposed under the UCCJEA are equivalent to declarations of subject matter jurisdiction. Counts v. Bracken, 494 So.2d 1275 (La.App. 2 Cir.1986). Moreover, “[i]t is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants.” Renno v. Evans, 580 So.2d 945, 947 (La.App. 2 Cir.1991). The language of La.R.S. 13:1818(B) reinforces the idea that the trial court has an affirmative obligation to consider whether it must defer to another state’s jurisdiction over a child custody proceeding by mandating that “a court of this state ... shall examine the court documents and other information supplied by the parties” for proceedings filed in other states that would trigger the substantive aspects of La.R.S. 13:1818. This affirmative obligation is further empowered by La.R.S. 13:1810, which allows the trial court to communicate with courts of other states and even obtain those courts’ records.
I dissent from the majority opinion primarily because I believe that, in this case, the absence of evidence regarding the children’s connections to Texas and the availability of evidence therein was insufficient to support a finding that Texas would not have jurisdiction substantially under La. R.S. 13:1813(A)(2). Here, the trial court utterly failed to fulfill its affirmative obligation to examine this issue. Not only could it have questioned Candice at the December rule hearing, but it should have voluntarily communicated with the Texas court where the other custody proceeding was ongoing to obtain any evidence that had been submitted in that proceeding. This second option seems particularly appropriate in light of the fact that the party who initiated the Texas proceeding and would therefore be most likely to advocate for Texas jurisdiction was unable to appear before the court or obtain representation until after the hearing.
LThe concept of a uniform child custody jurisdiction law “was proposed in an effort to have states impose uniform legislative rules on themselves regarding jurisdiction in child custody cases.” Revere v. Revere, 389 So.2d 1277, 1278 (La.1980). Touching upon the underlying basis for such a body of law, the court in Revere stated:
In an age of fluid population trends many cases are presented in which jurisdiction may be concurrent in several states. In order to provide some stability to reasoned custody decrees by discouraging relitigation, to deter custody determinations by physical abduction, to avoid jurisdictional competition and conflicting custody decrees in several states, and primarily to attain the security of home environment necessary for a child’s well being, the National Conference of Commissioners proposed the uniform law adopted in Louisiana.
Id. at 1279.[1]
When La.R.S. 13:1818 is an issue in an initial custody proceeding and a parallel *304 proceeding in another state has already commenced, the goal of avoiding jurisdictional competition and conflicting custody decrees should be a primary consideration. While I do not suggest that Louisiana courts should automatically defer to the jurisdiction of states with prior-commenced proceedings, a trial court should not be able to base its decision to retain jurisdiction on an absence of evidence |7regarding the other state’s jurisdiction when that court has not exercised all available means of obtaining such evidence.
Therefore, I would reverse the trial court’s judgment in part and remand to the trial court with instructions to determine whether this case meets the requirements for Texas to have “significant connection jurisdiction” under La.R.S. 13:1813(A)(2). If the trial court finds that Texas would have such jurisdiction, then La.R.S. 13:1818 would require the court to stay the proceedings, confer with the Texas court, and ultimately dismiss this custody proceeding if the Texas court does not decline jurisdiction on the grounds that Louisiana is a more convenient forum. To rule otherwise makes the UCCJEA meaningless and thwarts the laudable purpose of such legislation.

. Additionally, the National Conference of Commissioners has stated that it intends the Act to be applied according to its purposes, which include:
(1) Avoidfing] jurisdictional competition and conflict with courts of other States in matters of child custody which have in the past resulted in the shifting of children *304 from State to State with harmful effects on their well-being;
(2) Promotfing] cooperation with the courts of other States to the end that a custody decree is rendered in that State which can best decide the case in the interest of the child;
ls) Discouraging] the use of the interstate system for continuing controversies over child custody.
Unif. Child Custody Jurisdiction & Enforcement Act § 101 cmt. (1999).