519 So.2d 288 (1988)
Christina Kay EHSANI
v.
Hassan Besharat EHSANI.
No. 87-CA-413.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
Writ Denied March 11, 1988.
*289 Robert G. Creely, Gretna, for plaintiff-appellee.
Louis A. Heyd, Jr., New Orleans, for defendant-appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
This is an appeal in a child custody dispute arising from proceedings in the State of Texas, in which we are required to apply the provisions of the Uniform Custody Jurisdiction Law, LSA-R.S. 13:1700-1724 (hereafter referred to as "UCJL").
Christina Kay Ehsani and Hassan Besharat Ehsani were divorced on October 5, 1984, by decree of the District Court of Harris County, Texas. The divorce judgment *290 appointed Mrs. Ehsani the Managing Conservator of the parties' minor child, Cameron Nicholas Ehsani, named Mr. Ehsani the Possessory Conservator, and set out in detail the parties' respective rights and obligations regarding custody, visitation and child support. (Translated into the terms commonly used in Louisiana, Mrs. Ehsani was named the custodial parent and Mr. Ehsani, as noncustodial parent, was granted extensive visitation rights.)
On June 19, 1986, Mrs. Ehsani moved to Louisiana with the child. In July 1986 Mr. Ehsani filed a petition for change of custody in Texas. On December 15, 1986, the Texas court rendered judgment making Mr. Ehsani the Managing Conservator (in effect, making him the custodial parent).
On January 20, 1987, Mrs. Ehsani filed a petition in the 24th Judicial District Court, Jefferson Parish, Louisiana, to have the 1984 decree of the Texas court recognized. The Louisiana court, unaware of the December 1986 Texas decree, issued an ex parte order on January 22, 1987, recognizing the 1984 Texas decree and adopting it as the judgment of the Louisiana court.
On February 2, 1987, Mr. Ehsani filed in the Louisiana court a petition for writ of habeas corpus to recover the child from Mrs. Ehsani, citing his rights under the December 1986 Texas judgment. After a hearing, the district court rendered judgment denying his petition on February 17, 1987. Mr. Ehsani has appealed.[1]
Mr. Ehsani asserts the trial court erred in assuming jurisdiction in this case when the Texas court was still actively asserting its jurisdiction, and in enforcing and accepting as its own an invalid judgment of another state.
Among the purposes of the Uniform Custody Jurisdiction Law are the intents to avoid jurisdictional competition and conflict, to discourage continuing controversies over child custody, to deter abductions and unilateral removals of children undertaken to obtain custody awards, to avoid relitigation of other states' custody decisions insofar as feasible, to facilitate enforcement of custody decrees of other states, and to promote and expand the exchange of information, mutual assistance, and cooperation between courts of this and other states concerned with the same child.
In determining whether Louisiana courts should either decline or exercise jurisdiction under the UCJL, it is crucial that each multifaceted and related component of the Act be construed to promote its general purposes. R.S. 13:1700; Ingram v. Ingram, 463 So.2d 932 (La.App. 2 Cir.1985).
R.S. 13:1712 provides,
The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this Part or which was made under factual circumstances meeting the jurisdictional standards of this Part, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this Part.
Under R.S. 13:1715 the clerk of court is required to maintain a registry of all documents and communications received concerning custody proceedings in courts of other states.
R.S. 13:1703 requires that before a court may make a decree under the UCJL, reasonable notice and opportunity to be heard shall be given to the contestants; if they are outside this state, R.S. 13:1704 provides specific methods for service.
R.S. 13:1705 requires a court of this state to communicate with a court of another state in which a simultaneous proceeding *291 may be pending if the court obtains any knowledge of such a simultaneous proceeding.
R.S. 13:1706, regarding the issue of inconvenient forum, permits a court of this state to communicate with a court of another state to exchange pertinent information to assure jurisdiction will be exercised by the more appropriate court, before determining whether to decline or retain jurisdiction.
Among the provisions in the October 1984 judgment in this case was a stipulation that each party give the other written notice of any intended change of residence. At the habeas corpus hearing, Mrs. Ehsani stated she had hand-delivered a letter to Mr. Ehsani advising of her intended move to Louisiana; Mr. Ehsani denied her claim, asserting he did not learn of her whereabouts until January 1987, whereupon he immediately took steps to begin habeas corpus proceedings in Louisiana. It is undisputed that from June 1986 until the habeas corpus hearing, Mr. Ehsani was unable to exercise his visitation rights.
Although Mrs. Ehsani claims she was unaware of Mr. Ehsani's petition for change of custody (he apparently employed the Texas method of substituted service to serve her by serving her mother), testimony of other witnesses indicates she had actual knowledge of the pending proceeding and in fact fled Texas because she feared she would lose custody of the child.
It appears Mrs. Ehsani deliberately deceived the Louisiana court by failing to inform it in January 1987 of the pending proceeding in Texas, even if she was then unaware that a change-of-custody decree had actually been rendered in Texas. Under R.S. 13:1708, every party in a custody proceeding has a continuing duty to advise the court of any information of other custody proceedings concerning the child in this or any other state.
On the other hand, at the time Mrs. Ehsani moved the child to Louisiana, she had the right to do so under the Texas decree, which gave her authority to decide the child's legal domicile.
The wording of R.S. 13:1712 indicates that, before recognizing and enforcing an out-of-state custody decree, a court of this state must first determine whether the court of the other state assumed jurisdiction consistent with the provisions of UCJL and then determine that the decree has not been modified in accordance with UCJL jurisdictional standards. See also, Snider v. Snider, 474 So.2d 1374 (La.App. 2 Cir.1985), writ denied 478 So.2d 903.
We conclude the district court erred in recognizing the 1984 Texas decree, because it failed to fulfill either of these requirements.
The court also erred in denying the habeas corpus petition without studying the jurisdictional adequacy of the 1986 modification decree (i.e., whether the substituted service on Mrs. Ehsani's mother was sufficient) and in failing to obtain the transcript of the Texas proceedings or to communicate with the Texas court to determine which court should exercise jurisdiction.
The expressed purposes of the UCJL, stated above, are subverted by the failure of courts and litigants to follow the provisions of the Act. Although the Louisiana court has an independent basis of jurisdiction, we conclude that no proper judgment can be rendered until the Louisiana court and the Texas court confer to determine which is the most convenient forum and to exchange all available information concerning the parties, the child, and all prior judicial proceedings concerning custody.
Accordingly, we vacate the judgment dismissing Mr. Ehsani's petition for writ of habeas corpus. We remand the case for further hearing, with instructions to the district court to comply with the provisions of the UCJL concerning communication with the Texas court and review of the transcripts and record of the Texas proceedings.
In addition, the district court is hereby directed to determine, pursuant to R.S. 13:1705 and 1706, whether Louisiana or *292 Texas is the more appropriate forum. If Louisiana is determined to be the more appropriate forum, the district court is directed to take appropriate action in enforcing or modifying the 1986 Texas judgment, considering not only the information obtained in these proceedings but also the record and information obtained from the Texas court. If Texas is determined to be the more appropriate forum, the district court is directed to dismiss or to stay these proceedings as provided in R.S. 13:1706.
Custody is maintained in Mrs. Ehsani pending the outcome of the proceedings on remand. Costs of this appeal are assessed equally between the parties.
JUDGMENT OF FEBRUARY 17, 1987 VACATED; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] The record also indicates that on February 17, 1987, Mrs. Ehsani filed a petition in the Louisiana court to modify visitation privileges and for mediation and evaluation. Mr. Ehsani responded with an exception of no cause of action, asserting the 1984 Texas decree could not be modified because it was null, having been superceded by the 1986 Texas decree. The trial court denied the exception and Mr. Ehsani's writ application to this Court was denied on the basis that Mr. there was adequate remedy by appeal. Ehsani v. Ehsani, No. 87-C-310, April 28, 1987. Because those proceedings took place after the appeal was taken from the February 17th judgment, however, they are not properly before us now.