hPER CURIAM.
Heidi Layton and Daryl Newell married in Ohio and resided in that state. Of their marriage, one child, D.S.N., was born in 1995. The couple divorced in 1996. By order of the Ohio court, Ms. Layton was granted temporary custody of D.S.N.
*1036 In 1998, Ms. Layton and D.S.N. moved to Louisiana without obtaining approval of the Ohio court. In 2001, Ms. Layton filed the instant “Rule for Custody” in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. In her petition, she asserted Louisiana was D.S.N.’s home state for purposes of La. R.S. 13:1702,[1] as he had been in this state for more than six months.
li>Mr. Newell, who remains a resident of the State of Ohio, filed a declinatory exception of lack of subject matter jurisdiction and personal jurisdiction. Citing La. R.S. 13:1705, he argued that although D.S.N. has lived in Louisiana for more than six months, the Ohio court, having rendered the original custody order, retained jurisdiction over the ongoing dispute. Therefore, he contended Louisiana should decline jurisdiction over the case.
The district court denied Mr. Newell’s exception of lack of subject matter jurisdiction. Mr. Newell applied for supervisory review of this ruling. The court of appeal initially granted the writ and reversed the judgment of the trial court. Ms. Layton filed an application for rehearing. The court of appeal granted rehearing and denied the writ. Mr. Newell then filed the instant writ application in this court.[2]
Louisiana has become the home state of the child under La. R.S. 13:1702(A)(2), as the child has resided in this state for more than six months. However, La. R.S. 13:1705(A) makes it clear that Louisiana should not exercise jurisdiction where there are pending proceedings in another state which also has jurisdiction:
A. A court of this state shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
In the instant matter, it is undisputed that custody proceedings have been pending in Ohio since 1996, and that Ohio has recently rendered judgments in this | ¡¡matter.[3] The Ohio court has not agreed *1037 to stay its proceedings in favor of the Louisiana proceedings, and in fact has made it clear it wishes to retain jurisdiction over the matter.[4] Under these circumstances, the Louisiana court should have declined to exercise jurisdiction over this case.
Accordingly, the writ is granted. The district court is instructed to decline to exercise its jurisdiction over the custody matter. The case is remanded to the trial court to rule on Mr. Newell’s “Motion and Order for Filing and Enforcement of Foreign Custody Decree,” if it has not already done so.

.La. R.S. 13:1702 provides:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships....

. Ms. Layton argues that Mr. Newell’s writ application was untimely pursuant to the fourteen day period for filing writ applications arising from certain cases involving children set forth in Supreme Court Rule XXXIV, Part III, § 1. Despite the use of the word "shall," the court intended Supreme Court Rule XXXIV, Part III, § 1 as more of an aspirational rule than a strict rule of timeliness. Therefore, Mr. Newell’s application was timely.

. On October 17, 2002, the Ohio court rendered judgment granting temporary legal custody of D.S.N. to Mr. Newell. The court also indicated that Ms. Layton had been held in contempt of court and a warrant for her arrest had been issued.

. By judgment dated October 17, 2002, the Ohio court stated:
This case remains within the jurisdiction of the Stark County Family Court as this case has had proceedings initiated and still commencing since 1996. The Stark County Family Court will continue to have jurisdiction until further Orders of the Court.