# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-592

CANDACE RAE MARSALIS

VERSUS

JAMES FRANK MARSALIS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-C-4858-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain*, Judges.

**AFFIRMED.**

**Chatelain, J., dissents in part and assigns written reasons.**

Richard D. Mere
Post Office Box 3301
Lafayette, LA   70502
(337) 269-5555
COUNSEL FOR PLAINTIFF/APPELLEE:
    Candace Rae Marsalis

Caleb K. Aguillard
Law Office of David L. Carrier
322 S. Market Street
Opelousas, LA   70570
(337) 948-6217
COUNSEL FOR DEFENDANT/APPELLANT:
    James Frank Marsalis

_____
    * Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

AMY, Judge.

The trial court entered judgment, granting, among other things, the parties joint custody of their children. The defendant appeals and asserts that the trial court erred in rendering judgment under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), La.R.S. 13:1801, *et seq.*, due to similar proceedings pending in Texas. For the following reasons, we affirm.

**Factual and Procedural Background**

Candace Marsalis instituted this matter in St. Landry Parish by filing a "Petition for 102 Divorce and Child Custody Pursuant to R.S. 13:1801 et seq. (U.C.C.J.E.A.)" on September 10, 2009. She alleged that she and her husband, James Frank Marsalis, were married in November 1992 in Ouachita Parish and had been living separate and apart since July 2009. The petition explained that the couple had six minor children who resided with Ms. Marsalis in Arnaudville, Louisiana.

The petition alleged that Mr. Marsalis was domiciled in Texas, although, earlier in the year, his domicile was in Louisiana, "where he owns a home." Ms. Marsalis pointed out that Mr. Marsalis had filed for divorce and custody of the minor children in Texas. However, Ms. Marsalis alleged that the Texas court lacked jurisdiction under the UCCJEA and sought a determination that Louisiana is the home state of the children pursuant to La.R.S. 13:1813(A)(1) due to the children having been domiciled in Louisiana "for more than six months before the commencement of the State of Texas proceeding." She asserted that she "and the minor children were temporarily in the State of Texas from late April of 2009 to August of 2009[.]" Ms. Marsalis further alleged that, pursuant to La.R.S. 13:1813, not only is Louisiana the children's home state, but that the children have significant connections with Louisiana and that

substantial evidence regarding the past and future care, protections, training, and personal relationships exists in this state.

In addition to a custody determination, Ms. Marsalis sought child support, spousal support, and use and occupancy of the matrimonial domicile in Arnaudville pending partition of the community property.

As exhibits to the petition, Ms. Marsalis attached a copy of the petition in the Texas proceeding and letters regarding the children's contacts in Louisiana from a health care provider and a minister.

On September 15, 2009, and on consideration of the "petition and annexed attachments," the trial court signed an order recognizing Louisiana "as having proper jurisdiction of this proceeding as it is the 'home state' of the minor children."

The record indicates that, subsequently, and upon Ms. Marsalis's motion, a hearing officer conference scheduled for October 1, 2009 was rescheduled for November 10, 2009. However, Ms. Marsalis's counsel later sought the appointment of a private process server due to an inability to serve the petition on Mr. Marsalis in Texas. She attached an "Affidavit of Service Attempts" from the Panola County, Texas Sheriff's Department, which listed four attempts with no contact. The trial court signed the order appointing a private process server on November 6, 2009.

The hearing on the merits of the underlying matter was held on December 7, 2009. The trial court explained that it had received correspondence from Mr. Marsalis, who did not appear at the hearing, seeking a continuance of the hearing date. After addressing the contents of the letter on the record, the trial court entered the letter into evidence and proceeded with the hearing.

2

Ms. Marsalis testified regarding her marriage to Mr. Marsalis, their long-term residence in Louisiana, their decision to move to Texas in April 2009, and her return to Louisiana in August 2009 with the children. The trial court determined that Louisiana had jurisdiction to consider the custody question and that no other state had such jurisdiction. It also determined that it had jurisdiction to consider the divorce.

Ultimately, the trial court rendered judgment, awarding the parties joint custody of the minor children and designating Ms. Marsalis as the domiciliary parent. The trial court ordered that Mr. Marsalis would have reasonable visitation as agreed upon by the parties. The trial court further ordered Mr. Marsalis to provide child support at a designated rate, and spousal support. It awarded Ms. Marsalis use and occupancy of the marital domicile. The trial court later denied Mr. Marsalis's motion for new trial.

Mr. Marsalis appeals, assigning the following as error:

The trial court clearly erred in rendering judgment before staying its proceedings and communicating with the Texas court as required by La.R.S. 13:1801, *et seq.* (Uniform Child Custody Jurisdiction and Enforcement Act).

**Discussion**

Mr. Marsalis contends that the trial court's judgment must be reversed as it failed to stay the custody proceeding and contact the court in Panola County, Texas in order to determine if it had jurisdiction to proceed. He contends that this procedure is required by La.R.S. 13:1818.

However, Mr. Marsalis's argument assumes that the Texas court had jurisdiction. The record does not contain evidence supporting this contention. At the hearing, the trial court determined both that Louisiana had jurisdiction of the custody

3

matter *and* that no other state had jurisdiction. In reaching this conclusion, the court stated:

> The Court will find that, as to the children, that the Court has jurisdiction of these children, *due to the fact that there is no other State Court that has jurisdiction*, that the children have lived all of their lives in Louisiana, and the last six of which have been in St. Landry Parish, except for the months of April 12, 2009 through August 9, 2009, where they lived in Texas for a period of approximately four (4) months, during an attempted reconciliation between the parents.

(Emphasis added.) Thus, the Louisiana court made a finding of initial jurisdiction in keeping with La.R.S. 13:1813(A)(2), which states:

> A.      Except as otherwise provided in R.S. 13:1816[1], a court of this state has jurisdiction to make an initial child custody determination only if:
>
> . . . .
>
> (2)     A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and
>
> (a)     The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> (b)     Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

The record supports a determination that Louisiana had jurisdiction pursuant to La.R.S. 13:1813(A)(2).

First, the evidence does not indicate that another state has jurisdiction. Recall that Mr. Marsalis, who seemingly asserts that the Texas court has jurisdiction over the custody matter, did not appear at trial to advance or support his position. Instead, Ms. Marsalis presented evidence regarding contacts in Louisiana. She explained that

---

[1] Louisiana Revised Statutes 13:1816, which provides for temporary emergency jurisdiction, is not at issue in this case.

4

the couple and their children had lived in Louisiana during their marriage, that each of the six children were born in Louisiana, and that the couple's marital home was in Arnaudville. She testified that the children had been schooled in Louisiana and not in any other state. The parties and their children left Louisiana and moved to Texas in April 2009. However, Ms. Marsalis and the children returned to Louisiana four months later, in August 2009. Ms. Marsalis explained that she and the children intend to stay in Louisiana permanently, as this is their "home."

With regard to the potential of the Texas court having jurisdiction, the only evidence arguably in support of this view is the petition instituting the Texas proceedings and a letter that the trial court indicated was faxed to it prior to the hearing. Although the trial court entered the letter into evidence, its contents, at most, indicate that a proceeding was pending in Texas and, although Mr. Marsalis was residing in Texas, he was working in North Dakota.[2] The letter revealed nothing regarding the children's presence or contacts in Texas. Instead, the letter addressed Mr. Marsalis's request for a continuance.[3]

_____

[2] The handwritten letter provides:

  I respectfully request a continuance to the hearing scheduled for December 7th 2009. The reason for this request is that I am out of the state of Texas working and will not return until shortly before Christmas. I have been trying to obtain counsel in Louisiana but these efforts have thus far proved unsuccessful. I have spoken with Candice Marsalis' attorney, Candace M. Breaux, and asked her to please file for continuance but have not heard back from her. I spoke with Ms. Breaux on 12/2/09 & her secretary on 12/4/09.

  I filed for divorce in Panola County on 7/29/09 and Candice Marsalis and I have had 2 court dates thus far with more to come. I reside in Texas and am a Texas resident as well. I am working in North Dakota.

  I am writing you this letter per my conversation with your law secretary Jacqueline. Thank you for your time and attention to this matter.

[3] At the hearing on Mr. Marsalis's motion for new trial, the trial court explained that, although the faxed correspondence was entered into the record:

  [T]here is no return address, there's no return fax phone number; in essence, there is

For these reasons, the only evidence presented supports a determination that no other state, including Texas, had jurisdiction pursuant to La.R.S. 13:1813(A)(2). Also, the evidence indicates that the children and Ms. Marsalis had significant connections to this state other than mere physical presence. *See* La.R.S. 13:1813(A)(2)(a). Indeed, the children lived their entire lives, other than approximately four months, in Louisiana. Finally, and again due to the children's long term presence and schooling in Louisiana, "[s]ubstantial evidence is available in this state concerning the child's care, protection, training, and personal relationships." La.R.S. 13:1813(A)(2)(b).

With this overlay as to the trial court's determinations regarding jurisdiction, we turn to Mr. Marsalis's precise argument that La.R.S. 13:1818 required the trial court to stay its proceedings and contact the Panola County court. Indeed, in light of the trial court's awareness of the Texas proceedings, consideration of La.R.S. 13:1818 would be arguably appropriate, insofar as it relates to simultaneous proceedings and provides, in pertinent part, that:

> A. Except as otherwise provided in R.S. 13:1816, a court of this state may not exercise its jurisdiction under this Subpart if, at the time of the commencement of the proceedings, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this Act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under R.S. 13:1819.

---

absolutely no manner in which to contact Mr. Marsalis in connection with his request for a continuance in the matter.

The record will reflect that the Court did not continue the matter, and the primary purpose that it was not continued is due to the fact that the Court had absolutely no method in which to contact Mr. Marsalis about any other hearing date, nor was there anybody else on that letter, as far as other counsel, to contact for purposes of setting the matter on a continuance.

6

B. Except as otherwise provided in R.S. 13:1816, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to R.S. 13:1821. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this Act, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this Act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.

However, Mr. Marsalis's argument overlooks the fact that the trial court made a finding that no other state had jurisdiction. Paragraph A of La.R.S. 13:1818 provides that a Louisiana court may not exercise its jurisdiction if a custody matter is proceeding "in a court of another state having jurisdiction substantially in conformity" with the UCCJEA. Again, the trial court expressly stated that no other state had jurisdiction over the matter and, as explained above, Mr. Marsalis's failure to appear at the hearing and produce his own evidence left little on which the trial court could have determined that Texas had jurisdiction.

Next, Mr. Marsalis contends that La.R.S. 13:1818(B) required the trial court to confer with the Texas court prior to proceeding with its own custody hearing. However, we find no indication in the record that the trial court violated the requirements of Paragraph B. Instead, Paragraph B provides that a Louisiana court shall stay its proceeding and communication with the court of another state, only "[i]f the court determines that a child custody proceeding has been commenced *in a court in another state having jurisdiction*" substantially in accordance with the UCCJEA. (Emphasis added.) While Ms. Marsalis apprized the court of the Texas proceeding, Mr. Marsalis failed to submit evidence indicating that Texas was a forum "having jurisdiction" under the UCCJEA. *See* La.R.S. 13:1818(B).

7

We recognize that Mr. Marsalis asserts that jurisprudence required the trial court to stay the custody hearing, pending its communication with the Texas court. However, the cases cited by Mr. Marsalis are distinguishable from the present matter insofar as they are cases in which another state has been found to have jurisdiction or the other state's jurisdiction is presumed. *See Layton v. Newell*, 03-229 (La. 4/4/03), 845 So.2d 1035; *Ehsani v. Ehsani*, 519 So.2d 288 (La.App. 5 Cir.), *writ denied*, 520 So.2d 754 (La.1988); *Wachter v. Wachter*, 439 So.2d 1260 (La.App. 5 Cir. 1983); *DeLee v. Koss*, 430 So.2d 196 (La.App. 2 Cir. 1983). *See also Anton v. Anton*, 97-792 (La.App. 4 Cir. 5/14/97), 694 So.2d 1217; *Janik v. Janik*, 542 So.2d 615 (La.App. 5 Cir. 1989). In the present case, however, the trial court determined that no other state had jurisdiction over this matter. In fact, the party seemingly contesting Louisiana's jurisdiction failed to produce evidence showing otherwise.

Finally, we note that Mr. Marsalis contends that Ms. Marsalis is essentially lodging a collateral attack on any rulings issued by the Texas court. This assertion lacks merit. In fact, and again, the record contains no evidence regarding the Texas proceedings other than Ms. Marsalis's attachment of the Texas petition to the petition instituting this matter. Any products of the Texas proceeding were not before the trial court and are not properly before this court.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assigned to the appellant, James Frank Marsalis.

**AFFIRMED.**

CANDICE RAE MARSALIS

VERSUS

JAMES FRANK MARSALIS


**CHATELAIN, Judge, dissenting in part.**

Although I agree with that portion of the majority opinion that finds the statutory requirements for initial Louisiana jurisdiction are met, for the reasons below, I respectfully dissent from that portion of the majority opinion which finds that the trial court was not required to determine whether Texas had jurisdiction substantially in accordance with the UCCJEA. I find the trial court erroneously concluded that Louisiana was the Marsalis children's home state and, therefore, that its ruling that no other state had jurisdiction was also improper. I would reverse the portion of the judgment awarding child custody and child support and remand for the trial court to consider whether Texas would have "significant connection" jurisdiction substantially under La.R.S. 13:1813(A)(2).

Although the majority interprets the trial court's oral reasons as finding that Louisiana had jurisdiction over this child custody proceeding under La.R.S. 13:1813(A)(2), I find that the only jurisdictional basis the trial court considered was home state jurisdiction under La.R.S. 13:1813(A)(1). In its initial September 15, 2009 order the trial court specifically found Louisiana was the Marsalis children's home state. However, at the December 7, 2009 hearing, the trial court conducted

1

most of the examination of the only witness, Candice Marsalis (Candice), but at no point did it inquire about the significance of the children's or their parents' connections to Louisiana or the availability therein of evidence concerning the children's care, protection, training, and personal relationships. The trial court did not reference these elements in either its oral reasons or its written judgment. Rather, it focused primarily on the amount of time that the children had resided in Louisiana.

My reading of the record shows that the trial court simply followed its initial jurisdictional ruling and relied on its finding that Louisiana was the children's home state to determine that "there is no other State Court that has jurisdiction." Because only one state can qualify as a child's home state and the other jurisdictional bases cannot apply when a home state exists, its determination that Louisiana was the children's home state allowed the trial court to infer its conclusion about jurisdiction of other states without further factual inquiry.

Unfortunately, the record clearly establishes that there is no home state for purposes of this child support proceeding. Louisiana Revised Statutes 13:1813(A)(1) describes two situations in which Louisiana obtains initial jurisdiction because it is or was the child's home state. As applicable under the facts of this case, "home state" is the state in which the child lived with a parent or person acting like a parent for six or more consecutive months immediately before the date in question, including temporary absences by the parent or the child. La.R.S. 13:1802(7)(a). Subsection (A)(1) of R.S. 13:1813 thus states that Louisiana has initial jurisdiction if it is the child's "home state" at the time the proceeding commences; more specifically, "the six months preceding institution of the custody action is the relevant period used in a determination of the child's 'home state.'" *Burr v. Burr*, 97-884, pp. 7-8 (La.App.

2

3 Cir. 3/6/98), 711 So.2d 303, 307, *writ denied*, 98-1887 (La. 10/30/98), 727 So.2d 1164. Louisiana also obtains initial jurisdiction if this state had been the child's home state within six months prior to the commencement of the proceeding, the child then becomes absent, and the parent or person acting like a parent remains in the state. La.R.S. 13:1813(A)(1).

Because Candice filed the petition instituting this proceeding approximately one month after she and her children moved back to Louisiana, Louisiana does not have home state jurisdiction. Candice's testimony clearly shows that the four months spent in Texas were not a temporary absence. Rather, the parties were attempting to make a "new start." Even if the trial court's statements about jurisdiction in oral reasons and the court judgment constitutes a factual finding that the four months in Texas were a temporary absence, I find such a finding would be clearly wrong. The only evidence presented on the issue established that the move was intended to be permanent. Candice remembered the April date the family left for Texas because that was when they signed with the realtor in their Louisiana home, and the trial court later characterized this action, without protestation from Candice, as testimony regarding the sale of their home in Louisiana. Candice also characterized her husband's departure in April as one "to permanently reside in Texas"; it is undisputed that the entire family moved at that same time. Simply stated, my appreciation of the record and the "home state" definition delineated in La.R.S. 13:1802(7)(a) lead me to only one conclusion—Louisiana was not the home state.

The facts of this case also fail to meet the alternative home state criteria under La.R.S. 13:1813(A)(1). The Marsalis children were not absent at the time the proceeding was commenced, and neither parent remained in Louisiana while the

3

children were absent. Finally, the children did not live in Texas for more than six months, so Texas never acquired status as their home state.

Even though I agree with the majority that there is sufficient evidence in the record to support a finding of significant connection jurisdiction under La.R.S. 13:1813(A)(2), I would find that Louisiana has initial child custody jurisdiction over this proceeding only if, on remand, the trial court concludes that Texas does not have jurisdiction substantially under the UCCJEA. Because the trial court never made any factual findings regarding significant connection jurisdiction in Texas and because the purposes of the UCCJEA weigh against this court conducting a de novo review of these factual questions, I find it proper to remand this case to the trial court for such a determination.

The trial court's statement that no other state had jurisdiction over this child custody determination should not be read to implicitly include any factual findings regarding the elements in Subparts A and B of La.R.S. 13:1813(A)(2). Under the most reasonable interpretation of the trial court's oral reasons, as previously discussed, it merely reasoned that no other state could have jurisdiction because Louisiana was the home state. Nothing in the record indicates the trial court even considered the possibility that Texas could have significant connection jurisdiction.

However, once it became clear during the December hearing that the Marsalis' move to Texas was not a temporary absence and, therefore, that Louisiana could not be the children's home state, the trial court should have proceeded directly to the question of whether Texas might have jurisdiction substantially under the UCCJEA. The jurisdictional limitations imposed under the UCCJEA are equivalent to declarations of subject matter jurisdiction. *Counts v. Bracken*, 494 So.2d 1275

4

(La.App. 2 Cir. 1986). Moreover, "[i]t is the duty of a court to examine subject matter jurisdiction *sua sponte*, even when the issue is not raised by the litigants." *Renno v. Evans*, 580 So.2d 945, 947 (La.App. 2 Cir. 1991). The language of La.R.S. 13:1818(B) reinforces the idea that the trial court has an affirmative obligation to consider whether it must defer to another state's jurisdiction over a child custody proceeding by mandating that "a court of this state . . . shall examine the court documents and other information supplied by the parties" for proceedings filed in other states that would trigger the substantive aspects of La.R.S. 13:1818. This affirmative obligation is further empowered by La.R.S. 13:1810, which allows the trial court to communicate with courts of other states and even obtain those courts' records.

I dissent from the majority opinion primarily because I believe that, in this case, the absence of evidence regarding the children's connections to Texas and the availability of evidence therein was insufficient to support a finding that Texas would not have jurisdiction substantially under La.R.S. 13:1813(A)(2). Here, the trial court utterly failed to fulfill its affirmative obligation to examine this issue. Not only could it have questioned Candice at the December rule hearing, but it should have voluntarily communicated with the Texas court where the other custody proceeding was ongoing to obtain any evidence that had been submitted in that proceeding. This second option seems particularly appropriate in light of the fact that the party who initiated the Texas proceeding and would therefore be most likely to advocate for Texas jurisdiction was unable to appear before the court or obtain representation until after the hearing.

5

The concept of a uniform child custody jurisdiction law "was proposed in an effort to have states impose uniform legislative rules on themselves regarding jurisdiction in child custody cases." *Revere v. Revere*, 389 So.2d 1277, 1278 (La.1980). Touching upon the underlying basis for such a body of law, the court in *Revere* stated:

> In an age of fluid population trends many cases are presented in which jurisdiction may be concurrent in several states. In order to provide some stability to reasoned custody decrees by discouraging relitigation, to deter custody determinations by physical abduction, to avoid jurisdictional competition and conflicting custody decrees in several states, and primarily to attain the security of home environment necessary for a child's well being, the National Conference of Commissioners proposed the uniform law adopted in Louisiana.

*Id.* at 1279.[1]

When La.R.S. 13:1818 is an issue in an initial custody proceeding and a parallel proceeding in another state has already commenced, the goal of avoiding jurisdictional competition and conflicting custody decrees should be a primary consideration. While I do not suggest that Louisiana courts should automatically defer to the jurisdiction of states with prior-commenced proceedings, a trial court should not be able to base its decision to retain jurisdiction on an absence of evidence

---

[1]Additionally, the National Conference of Commissioners has stated that it intends the Act to be applied according to its purposes, which include:

> (1) Avoid[ing] jurisdictional competition and conflict with courts of other States in matters of child custody which have in the past resulted in the shifting of children from State to State with harmful effects on their well-being;
>
> (2) Promot[ing] cooperation with the courts of other States to the end that a custody decree is rendered in that State which can best decide the case in the interest of the child;
>
> (3) Discourag[ing] the use of the interstate system for continuing controversies over child custody.

Unif. Child Custody Jurisdiction & Enforcement Act § 101 cmt. (1999).

6

regarding the other state's jurisdiction when that court has not exercised all available means of obtaining such evidence.

Therefore, I would reverse the trial court's judgment in part and remand to the trial court with instructions to determine whether this case meets the requirements for Texas to have "significant connection jurisdiction" under La.R.S. 13:1813(A)(2). If the trial court finds that Texas would have such jurisdiction, then La.R.S. 13:1818 would require the court to stay the proceedings, confer with the Texas court, and ultimately dismiss this custody proceeding if the Texas court does not decline jurisdiction on the grounds that Louisiana is a more convenient forum. To rule otherwise makes the UCCJEA meaningless and thwarts the laudable purpose of such legislation.