MARC T. AMY, Judge.
| ,The trial court entered judgment, granting, among other things, the parties joint custody of their children. The defendant appeals and asserts that the trial court erred in rendering judgment under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), La.R.S. 13:1801, et seq., due to similar proceedings pending in Texas. For the following reasons, we affirm.
Factual and Procedural Background
Candace Marsalis instituted this matter in St. Landry Parish by filing a “Petition for 102 Divorce and Child Custody Pursuant to R.S. 13:1801 et seq. (U.C.C.J.E.A.)” on September 10, 2009. She alleged that she and her husband, James Frank Marsalis, were married in November 1992 in Ouachita Parish and had been living separate and apart since July 2009. The petition explained that the couple had six minor children who resided *297 with Ms. Marsalis in Arnaudville, Louisiana.
The petition alleged that Mr. Marsalis was domiciled in Texas, although, earlier in the year, his domicile was in Louisiana, “where he owns a home.” Ms. Marsalis pointed out that Mr. Marsalis had filed for divorce and custody of the minor children in Texas. However, Ms. Marsalis alleged that the Texas court lacked jurisdiction under the UCCJEA and sought a determination that Louisiana is the home state of the children pursuant to La.R.S. 13:1813(A)(1) due to the children having been domiciled in Louisiana “for more than six months before the commencement of the State of Texas proceeding.” She asserted that she “and the minor children were temporarily in the State of Texas from late April of 2009 to August of 2009[.]” Ms. Marsalis further alleged that, pursuant to La.R.S. 13:1813, not only is Louisiana the children’s home state, but that the children have significant connections with Louisiana and that | ^substantial evidence regarding the past and future care, protections, training, and personal relationships exists in this state.
In addition to a custody determination, Ms. Marsalis sought child support, spousal support, and use and occupancy of the matrimonial domicile in Arnaudville pending partition of the community property.
As exhibits to the petition, Ms. Marsalis attached a copy of the petition in the Texas proceeding and letters regarding the children’s contacts in Louisiana from a health care provider and a minister.
On September 15, 2009, and on consideration of the “petition and annexed attachments,” the trial court signed an order recognizing Louisiana “as having proper jurisdiction of this proceeding as it is the ‘home state’ of the minor children.”
The record indicates that, subsequently, and upon Ms. Marsalis’s motion, a hearing officer conference scheduled for October 1, 2009 was rescheduled for November 10, 2009. However, Ms. Marsalis’s counsel later sought the appointment of a private process server due to an inability to serve the petition on Mr. Marsalis in Texas. She attached an “Affidavit of Service Attempts” from the Panola County, Texas Sheriffs Department, which listed four attempts with no contact. The trial court signed the order appointing a private process server on November 6, 2009.
The hearing on the merits of the underlying matter was held on December 7, 2009. The trial court explained that it had received correspondence from Mr. Marsal-is, who did not appear at the hearing, seeking a continuance of the hearing date. After addressing the contents of the letter on the record, the trial court entered the letter into evidence and proceeded with the hearing.
LMs. Marsalis testified regarding her marriage to Mr. Marsalis, their long-term residence in Louisiana, their decision to move to Texas in April 2009, and her return to Louisiana in August 2009 with the children. The trial court determined that Louisiana had jurisdiction to consider the custody question and that no other state had such jurisdiction. It also determined that it had jurisdiction to consider the divorce.
Ultimately, the trial court rendered judgment, awarding the parties joint custody of the minor children and designating Ms. Marsalis as the' domiciliary parent. The trial court ordered that Mr. Marsalis would have reasonable visitation as agreed upon by the parties. The trial court further ordered Mr. Marsalis to provide child support at a designated rate, and spousal support. It awarded Ms. Marsalis use and occupancy of the marital domicile. The *298 trial court later denied Mr. Marsalis’s motion for new trial.
Mr. Marsalis appeals, assigning the following as error:
The trial court clearly erred in rendering judgment before staying its proceedings and communicating with the Texas court as required by La.R.S. 13:1801, et seq. (Uniform Child Custody Jurisdiction and Enforcement Act).
Discussion
Mr. Marsalis contends that the trial court’s judgment must be reversed as it failed to stay the custody proceeding and contact the court in Panola County, Texas in order to determine if it had jurisdiction to proceed. He contends that this procedure is required by La.R.S. 13:1818.
However, Mr. Marsalis’s argument assumes that the Texas court had jurisdiction. The record does not contain evidence supporting this contention. At the hearing, the trial court determined both that Louisiana had jurisdiction of the custody | ¿matter and that no other state had jurisdiction. In reaching this conclusion, the court stated:
The Court will find that, as to the children, that the Court has jurisdiction of these children, due to the fact that there is no other State Court that has jurisdiction, that the children have lived all of their lives in Louisiana, and the last six of which have been in St. Landry Parish, except for the months of April 12, 2009 through August 9, 2009, where they lived in Texas for a period of approximately four (4) months, during an attempted reconciliation between the parents.
(Emphasis added.) Thus, the Louisiana court made a finding of initial jurisdiction in keeping with La.R.S. 13:1813(A)(2), which states:
A. Except as otherwise provided in R.S. 13:181o[1], a court of this state has jurisdiction to make an initial child custody determination only if:
(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and
(a) The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships.
The record supports a determination that Louisiana had jurisdiction pursuant to La. R.S. 13:1813(A)(2).
First, the evidence does not indicate that another state has jurisdiction. Recall that Mr. Marsalis, who seemingly asserts that the Texas court has jurisdiction over the custody matter, did not appear at trial to advance or support his position. Instead, Ms. Marsalis presented evidence regarding contacts in Louisiana. She explained that |sthe couple and them children had lived in Louisiana during them marriage, that each of the six children were born in Louisiana, and that the couple’s marital home was in Arnaudville. She testified that the children had been schooled in Louisiana and not in any other *299 state. The parties and their children left Louisiana and moved to Texas in April 2009. However, Ms. Marsalis and the children returned to Louisiana four months later, in August 2009. Ms. Marsalis explained that she and the children intend to stay in Louisiana permanently, as this is their “home.”
With regard to the potential of the Texas court having jurisdiction, the only evidence arguably in support of this view is the petition instituting the Texas proceedings and a letter that the trial court indicated was faxed to it prior to the hearing. Although the trial court entered the letter into evidence, its contents, at most, indicate that a proceeding was pending in Texas and, although Mr. Marsalis was residing in Texas, he was working in North Dakota.[2] The letter revealed nothing regarding the children’s presence or contacts in Texas. Instead, the letter addressed Mr. Marsalis’s request for a continuance.[3]
| (iFor these reasons, the only evidence presented supports a determination that no other state, including Texas, had jurisdiction pursuant to La.R.S. 13:1813(A)(2). Also, the evidence indicates that the children and Ms. Marsalis had significant connections to this state other than mere physical presence. See La.R.S. 13:1813(A)(2)(a). Indeed, the children lived their entire lives, other than approximately four months, in Louisiana. Finally, and again due to the children’s long term presence and schooling in Louisiana, “[sjubstantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships.” La.R.S. 13:1813(A)(2)(b).
With this overlay as to the trial court’s determinations regarding jurisdiction, we turn to Mr. Marsalis’s precise argument that La.R.S. 13:1818 required the trial court to stay its proceedings and contact the Panola County court. Indeed, in light of the trial court’s awareness of the Texas proceedings, consideration of La. R.S. 13:1818 would be arguably appropriate, insofar as it relates to simultaneous proceedings and provides, in pertinent part, that:
A. Except as otherwise provided in R.S. 13:1816, a court of this state may not exercise its jurisdiction under this *300 Subpart if, at the time of the commencement of the proceedings, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this Act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under R.S. 13:1819.
|7B. Except as otherwise provided in R.S. 13:1816, a court of this state, before hearing a child custody proceeding, shall examine the court documents and other information supplied by the parties pursuant to R.S. 13:1821. If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this Act, the court of this state shall stay its proceeding and communicate with the court of the other state. If the court of the state having jurisdiction substantially in accordance with this Act does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding.
However, Mr. Marsalis’s argument overlooks the fact that the trial court made a finding that no other state had jurisdiction. Paragraph A of La.R.S. 13:1818 provides that a Louisiana court may not exercise its jurisdiction if a custody matter is proceeding “in a court of another state having jurisdiction substantially in conformity” with the UCCJEA. Again, the trial court expressly stated that no other state had jurisdiction over the matter and, as explained above, Mr. Marsalis’s failure to appear at the hearing and produce his own evidence left little on which the trial court could have determined that Texas had jurisdiction.
Next, Mr. Marsalis contends that La. R.S. 13:1818(B) required the trial court to confer with the Texas court prior to proceeding with its own custody hearing. However, we find no indication in the record that the trial court violated the requirements of Paragraph B. Instead, Paragraph B provides that a Louisiana court shall stay its proceeding and communication with the court of another state, only “[i]f the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction ” substantially in accordance with the UCCJEA. (Emphasis added.) While Ms. Marsalis apprized the court of the Texas proceeding, Mr. Marsalis failed to submit evidence indicating that Texas was a forum “having jurisdiction” under the UCCJEA. See La.R.S. 13:1818(B).
|gWe recognize that Mr. Marsalis asserts that jurisprudence required the trial court to stay the custody hearing, pending its communication with the Texas court. However, the cases cited by Mr. Marsalis are distinguishable from the present matter insofar as they are cases in which another state has been found to have jurisdiction or the other state’s jurisdiction is presumed. See Layton v. Newell, 03-229 (La.4/4/03), 845 So.2d 1035; Ehsani v. Ehsani, 519 So.2d 288 (La.App. 5 Cir.), writ denied, 520 So.2d 754 (La.1988); Wachter v. Wachter, 439 So.2d 1260 (La.App. 5 Cir.1983); DeLee v. Koss, 430 So.2d 196 (La.App. 2 Cir.1983). See also Anton v. Anton, 97-792 (La.App. 4 Cir. 5/14/97), 694 So.2d 1217; Janik v. Janik, 542 So.2d 615 (La.App. 5 Cir.1989). In the present case, however, the trial court determined that no other state had jurisdiction over this matter. In fact, the party seemingly contesting Louisiana’s jurisdiction failed to produce evidence showing otherwise.
Finally, we note that Mr. Marsalis contends that Ms. Marsalis is essentially lodging a collateral attack on any rulings issued by the Texas court. This assertion *301 lacks merit. In fact, and again, the record contains no evidence regarding the Texas proceedings other than Ms. Marsalis’s attachment of the Texas petition to the petition instituting this matter. Any products of the Texas proceeding were not before the trial court and are not properly before this court.
This assignment lacks merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assigned to the appellant, James Frank Marsalis.
AFFIRMED.
CHATELAIN, J., dissents in part and assigns written reasons.

. Louisiana Revised Statutes 13:1816, which provides for temporary emergency jurisdiction, is not at issue in this case.

. The handwritten letter provides:
I respectfully request a continuance to tire hearing scheduled for December 7th 2009. The reason for this request is that I am out of the state of Texas working and will not return until shortly before Christmas. I have been trying to obtain counsel in Louisiana but these efforts have thus far proved unsuccessful. I have spoken with Candice Marsalis’ attorney, Candace M. Breaux, and asked her to please file for continuance but have not heard back from her. I spoke with Ms. Breaux on 12/2/09 & her secretary on 12/4/09.
I filed for divorce in Panola County on 7/29/09 and Candice Marsalis and I have had 2 court dates thus far with more to come. I reside in Texas and am a Texas resident as well. I am working in North Dakota.
I am writing you this letter per my conversation with your law secretary Jacqueline. Thank you for your time and attention to this matter.

. At the hearing on Mr. Marsalis’s motion for new trial, the trial court explained that, although the faxed correspondence was entered into the record:
[T]here is no return address, there’s no return fax phone number; in essence, there is absolutely no manner in which to contact Mr. Marsalis in connection with his request for a continuance in the matter.
The record will reflect that the Court did not continue the matter, and the primary purpose that it was not continued is due to the fact that the Court had absolutely no method in which to contact Mr. Marsalis about any other hearing date, nor was there anybody else on that letter, as far as other counsel, to contact for purposes of setting the matter on a continuance.