*606 JUDE G. GRAVOIS, Judge.
| ¡^Appellant, Floyd A. Marshall, Jr., appeals a trial court judgment that sustained the Louisiana Department of Children and Family Services’ declinatory exception of lack of jurisdiction over Mr. Marshall’s Petition for Ex-Parte Custody over his minor children. The trial court found that under the Uniform Child Custody Jurisdiction and Enforcement Act, La. R.S. 13:1801 et seq., the State of Florida had continuing jurisdiction over the parties and had not relinquished such jurisdiction. For the following reasons, we vacate the judgment of the trial court under review and remand the matter to the trial court for further proceedings.
PROCEDURAL HISTORY AND FACTS The record shows that on July 28, 2011, Mr. Marshall filed a Petition for Ex-Parte Order for Temporary Custody, Change in Custody and Request for Psychological Evaluation in the 40th Judicial District Court, Parish of St. John the Baptist. Therein, Mr. Marshall alleged that he was the father of three minor children (Callie Marshall, Kieran Marshall, and Quentin Marshall), that their mother was Amanda Cornwall, that all parties lived in St. John the Baptist Parish, |aand that he had been awarded custody of the children pursuant to a judgment rendered in Orleans Parish on May 23, 2005. Mr. Marshall further alleged that a temporary ex parte order awarding custody of the minor children to him was needed because Ms. Cornwall was associating with drug dealers. He also alleged that Ms. Cornwall had been the subject of a restraining order in favor of Lyner Vazquez due to domestic violence.[1]
On July 29, 2011, the duty judge of the 40th Judicial District Court (Division “C”) issued the temporary ex parte order of custody requested by Mr. Marshall, and set the matter for a hearing before Division “A” of the 40th Judicial District Court for August 19, 2011 in order for Ms. Cornwall to show cause why Mr. Marshall should not be awarded sole custody of the minor children. However, in an Order dated July 30, 2011, the duty judge vacated his July 29, 2011 Order. He noted that through intervening communication with the State of Florida Department of Children and Families and the Circuit Judge of Florida’s 11th District Court in Miami-Dade County, he had learned that Mr. Marshall’s petition had omitted considerable and “highly pertinent” information that would have established, if furnished, “a full and total picture of the parties, the various relationships appertaining, and the previous Orders of Florida that remain in full force and effect.” Specifically, he noted that the “highly pertinent” and material information omitted by Mr. Marshall in his petition was that the family was the subject of on-going proceedings in the Florida court pertaining to the placement and custody of the minor children, and that the Florida court had allowed the children to move to Louisiana in 2011 under the Interstate Compact for the Placement of Children (La. Ch. C. art. 1608 et seq.), with the Florida court (as the “sending state”) expressly retaining jurisdiction over the proceedings. The duty 1¿judge further noted that the Florida court had a hearing in the matter scheduled for August 1, 2011. The duty judge also noted in his July 30, 2011 Order that the' matter remained on the August 19, 2011 docket of Division “A” of the 40th Judicial District Court, to which Division the custody matter was randomly assigned for hearing/status conference.
*607 On September 14, 2011, the Louisiana Department of Children and Family Services (“DCFS”) filed exceptions of lack of jurisdiction, no cause of action, and failure to join indispensable parties to Mr. Marshall’s petition. In its exceptions, the DCFS argued that the children were under the custody of the State of Florida, under the order and jurisdiction of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Juvenile Division, and were being supervised by the State of Louisiana, DCFS, pursuant to the Interstate Compact for the Placement of Children (La. Ch. C. art. 1608 et seq.). The DCFS further argued that the Florida court maintained protective juvenile jurisdiction over the children that was continuing under the Uniform Child Custody Jurisdiction Act, La. R.S. 13:1801 et seq.,[2] until such time as the Florida court closed the case or chose to relinquish jurisdiction. The DCFS noted that Mr. Marshall was a named defendant and participant in the Florida proceedings, and charged that he had fraudulently filed the ex parte petition for custody and had withheld information from the trial court regarding the on-going nature of the Florida proceedings. Following a hearing conducted on October 17, 2011, the trial court (Division “A”) sustained DCFS’s exception of lack of jurisdiction, pretermitting any decisions on the other exceptions.
On October 25, 2011, Mr. Marshall filed a motion for a new trial. The hearing on that motion was continued several times, and was ultimately heard on ^August 24, 2012. By written judgment (with reasons) signed on September 18, 2012, the trial court (Division “A”) denied the motion. This timely appeal followed.
On appeal, Mr. Marshall argues that (1) the trial court erred in sustaining the exception, and (2) the trial court erred in ruling that Mr. Marshall’s telephone conversation with the Florida court on August 1, 2011 constituted a submission to the Florida court’s jurisdiction.

FIRST ASSIGNMENT OF ERROR

Mr. Marshall first argues that the trial court’s ruling sustaining the DCFS’s exception of lack of jurisdiction violates the jurisdictional principles of the UCCJEA. He argues that under its provisions, Louisiana is the children’s home state since the children and the parties moved back to Louisiana in 2011. He argues that once the trial court found that all of the parties and relevant evidence were located in Louisiana, Louisiana was the only state with jurisdiction to render a custody judgment. Upon review, we find that the trial court erred in granting the exception of lack of jurisdiction, but for a different reason.
We first note that plaintiffs arguments seem to ignore the Interstate Compact for the Placement of Children (“ICPC”), cited by the DCFS in its exception and memorandum in support thereof, which allows a sending state (here, Florida) to permit a child to be relocated to a receiving state (here, Louisiana) that will supervise the placement, but with the sending state retaining jurisdiction over the proceedings. See La. Ch.C. art. 1623 et seq. Children’s Code arts. 1626(A) and (B) provide that the sending state shall retain jurisdiction over a child with respect to all matters of custody and disposition of the child which it would have had if the child had remained in the sending state, and that when an *608 issue of child protection or custody is brought before a court in the receiving state, “such court |fishall confer with the court of the sending state to determine the most appropriate forum for adjudication.”
The DCFS supported its exception with several exhibits,[3] to-wit:
• The first page of the first exhibit was a placement order generated on July 1, 2011, less than one month before Mr. Marshall filed his petition, from the State of Louisiana, Department of Social Services, stating that the placement of the children in Louisiana under the ICPC was “approved with reservations and condition that Florida will continue to retain jurisdiction of this case until Louisiana recommends termination of jurisdiction.” The next three pages of this exhibit were generated by the State of Florida, which likewise approve the placement of the children in Louisiana pursuant to the ICPC with the condition that Florida retained jurisdiction.
• The second exhibit is a judgment from the Florida court dated January 13, 2011, which states that the children are to reside in Louisiana with the mother (Ms. Cornwall), and specifically recites that Florida retains jurisdiction over the proceedings.
• The third exhibit is another judgment dated January 21, 2011, which states that the father (Mr. Marshall) may travel to Louisiana and reside with “the child.”[4]
• The fourth exhibit is a record of a hearing held on March 4, 2011 in the Florida Court, wherein the parties, including Mr. Marshall, appeared by telephone.
Though the trial court cited to the UC-CJEA in its reasons for judgment, it is clear that the provisions of the ICPC control in this particular proceeding, not the UCCJEA.[5] Considering the exhibits submitted by the State, it appears that Florida expressly retained jurisdiction of the proceedings pursuant to the ICPC and the agreement of all state agencies involved in the proceedings. As the parties relocated to Louisiana with the express permission of the Florida court under the provisions of the ICPC, its provisions control.
17However, as noted above, Children’s Code Article 1626(B) provides that “[w]hen an issue of child protection or custody is brought before a court in the receiving state,” — as we have here — “such court shall confer with the court of the sending state to determine the most appropriate forum for adjudication.” (Emphasis added.) This record is clear that the trial judge who ruled on the merits of the exception (Division “A”) did not, in fact, confer with the Florida court to determine “the most appropriate forum for adjudication”:
“... I remember having a conversation with, not the court personnel in Florida, but I think we had a status conference by phone with the attorney representing the interest of the state in Florida. I do not recall the name, but it was, I have
*609 never spoke [sic] directly to the Court. There was some communication between the judge at the Florida court and the judge of Division C of this court, but not this judge.”[6]
Because Article 1626(B) uses mandatory language, upon review, we find that the trial judge who ruled on the merits of the exception (Division “A”) erred by not first conferring with the court of the sending state (Florida) to determine the most appropriate forum for adjudication of the custody matter at issue.[7] Accordingly, we vacate the ruling under review and remand the matter to the trial court for further proceedings.[8]

\ SECOND assignment of error

Mr. Marshall also argues that the trial court erred in ruling that his participation in a telephone conversation with the Florida court on August 1, 2011 constituted a submission to the jurisdiction of the Florida court. We find, however, that the trial court’s statement to that effect, in its reasons for judgment, was obiter dicta. It is clear from our review of the record and applicable law in this case that Mr. Marshall remained under the jurisdiction of the Florida court by virtue of the nature of the proceedings under the ICPC. Mr. Marshall’s telephone conversation with the Florida court on August 1, 2011 was not determinative of the Florida court’s jurisdiction. Accordingly, this assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the judgment of the trial court under review is vacated *610 and the matter is remanded to the trial court for further proceedings.

VACATED AND REMANDED

. The petition did not specify the relationship between Ms. Cornwall and Ms. Vazquez. The record reflects that Ms. Vazquez lives with Mr. Marshall and is the mother of another of his children.

. The Uniform Child Custody Jurisdiction Act ("UCCJA") was repealed and replaced by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA”) in 2007. See La. R.S. 13:1801 et seq.

. The transcript of this hearing does not appear in the record. Therefore, it is unknown if the parties introduced these exhibits into evidence.

. “The child” mentioned in this judgment is the child Mr. Marshall fathered with Ms. Vazquez.

.Mr. Marshall's reliance on State ex rel. A.U.M., 46,082 (La.App. 2 Cir. 2/16/11), 62 So.3d 185, is unavailing. That case concerned the establishment of home state jurisdiction under the UCCJEA, not the application of the ICPC.

. Excerpted from the hearing on plaintiff’s motion for a new trial conducted on August 24, 2012.

. Although not directly on point as they did not involve the application of the ICPC, we find the holdings of the following cases instructive: Wachter v. Wachter, 83-265 (La.App. 5 Cir. 10/12/83), 439 So.2d 1260, 1265 (although the district court (Louisiana) arguably had simultaneous jurisdiction with the sister state (New Jersey), under the Uniform Child Custody Jurisdiction Act (La. R.S. 13:1700 et seq.), the district court should have deferred to the sister state court’s jurisdiction, or at least have consulted with such court to determine the more appropriate forum, where the sister state proceeding was pending when custody petition was filed with the district court); and Ehsani v. Ehsani, 87-413 (La.App. 5 Cir. 1/11/88), 519 So.2d 288, 291, writ denied, 88-340 (La.3/11/88), 520 So.2d 754 (although the Louisiana court had an independent basis of jurisdiction over custody proceeding, under La. R.S. 13:1705 and 1706, no proper judgment could be rendered until the Louisiana court and the Texas court, which granted the prior custody order, conferred to determine which court was the most convenient forum and exchanged all available information concerning the parties, the child, and all prior judicial proceedings concerning custody).

.Mr. Marshall also argues that the ruling of the trial court in Louisiana was premature because in February of 2013 (in a ruling attached to Mr. Marshall’s appellate brief), the Florida court allegedly voluntarily dismissed a petition for termination of parental rights that had previously been filed against Mr. Marshall. The exhibit attached to Mr. Marshall’s appellate brief that purports to evidence the 2013 Florida ruling is not found in the appellate record and further the 2013 Florida ruling occurred well after the ruling at issue. The court of appeal has no authority to consider matters attached to briefs that are not found in the appellate record. Distefano v. B & P Const., Inc., 04-25 (La.App. 5 Cir. 5/26/04), 874 So.2d 407, writ denied, 04-1735 (La. 10/15/04), 883 So.2d 1058. The ICPC clearly provides that the sending state has the authority to relinquish jurisdiction to the receiving state. The 2013 Florida ruling to which Mr. Marshall alludes in his brief may very well provide some basis for Louisiana to assert jurisdiction over the matter prospectively, but such a determination is not before this Court at this juncture.